Burket, J.
The unknown custom of the bank and its private manner of conducting its banking business, could not have the legal effect of changing the rules relating to negotiable instruments, and therefore this case must be determined by a consideration of what was in fact done by the holder of the note, the-bank, and not by the private customs and manner of' *381 transacting the business of the bank. The holder indorsed the note for collection and forwarded it with that indorsement to the bank, and the bank received it for collection, and entered it on its collection book and placed it among its collections, and afterward drew a draft on its Cincinnati correspondent for the amount of the note, and forwarded the draft in payment of the same to the one from whom it had so re-ceived it, and then placed the note into its cash items without stamping it paid. As to the holder of the note who so forwarded it for collection, this was a payment and extinguishment of the note, and not a transfer to the bank. The draft to pay the note was forwarded by Mr. Robinson, the cashier, either in his individual capacity, or in his official capacity as cashier. If in his individual capacity, it was clearly a payment and extinguishment of the note. If in his official capacity as cashier, his act was the act of the bank, and was a voluntary payment, and not an acquiring of the note by transfer, because the note was not sent to the bank to be by it transferred, but to be by it collected, that is, that it should receive payment, and upon payment the note should become extinguished. The indorsement was a restricted one, and the bank had no authority to do more than receive payment, and it could not keep the note alive after payment for any purpose. Payment even by a volunteer was the death of the note. A person who volunteers to pay the note of another cannot by such payment make himself the owner of the note without the knowledge and consent of the holder thereof. He can not act both as buyer and seller at the same time, bargaining with himself. Randolph on Commercial Paper, Sec. 720; Daniel, Neg. Instru., Sec. 698d; *382 Bank v. Hubbell, 117 N. Y., 384; 15 Am. St. Rep., 515; Bank v. Bank, 5 C. L. B., 611; 3 Fed. Rep., 257.
There are some cases both in England and this country in which a stranger paying a note has been held to be a purchaser, subject to all equities of other parties; but in all those cases there was something in the transaction itself showing an intention at the time to become such purchaser, coupled with a power in the holder to sell and transfer the instrument.
The bank furnished the money and remitted it tO' the holder of the note as payment, and the holder received it as payment and had no information that the money was not paid by the makers. Such a transaction is a payment and extinguishment of the note, and not a transfer thereof.
As Mr. Robinson, the maker and also cashier, made the transaction, he must have ■ assented thereto, and become bound to the bank by such assent for a repayment of the money so paid to his use; or an action might be maintained by the bank against him on the note as a re-issued note; but as to the other makers who did not so assent, there was no re-issue of the note, and no liability for the money so paid without their knowledge or consent. Randolph on Com. Paper, Sec. 1425.'
The doctrine of subrogation has no application to payments made by a mere volunteer, and the bank in this case was purely a volunteer. There was no lien or security in the case to be kept alive by subrogation, and therefore it is useless to further consider that question in this case. Randolph on Com. ’Paper, Sec. 1439.
The controlling facts in this case were conceded on the trial, and the jury could not lessen the force of those facts by a consideration of the custom of the *383 bank and its manner of doing business, and therefore-those customs and manner of doing its business were-immaterial, and the court was right in directing a verdict in accordance with such conceded facts.
The plaintiff having no cause of action upon the conceded facts on the trial, the rulings of the court, upon the demurrers and motion are immaterial and need not be considered.

Judgment affirmed.